UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUBY LAMBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 1:19-cv-00103-LO-MSN<br><br>Hon. Liam O'Grady |

## FINAL APPROVAL ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING APPLICATION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD

WHEREAS, the Parties in the above-captioned class action entered into a Settlement Agreement and Release;

WHEREAS, Plaintiff has submitted the Unopposed Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Costs and Service Award in this case;

WHEREAS, on October 27, 2020, the Court entered a Preliminary Approval Order which, inter alia: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Plaintiff Ruby Lambert as Class Representative; (iv) appointed as Class Counsel Jeff Ostrow and Jonathan Streisfeld of the Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Jeffrey Kaliel and Sophia Gold of Kaliel PLLC, and Hassan Zavareei and Andrea Gold of Tycko & Zavareei LLP; (v) approved the form and manner of Notice Program; and (vi) set a hearing date to consider Final Approval of the Settlement;

WHEREAS, Notice was provided to all persons identified in the potential Settlement Class member list in accordance with the Court's Preliminary Approval Order by individual email and/or mailings to all potential persons in the Settlement Class who could be reasonably identified;

WHEREAS, on March 26, 2021, at 10:00 a.m., at the United States District Court for Eastern District of Virginia, Alexandria Division, 4 Albert V. Bryan U.S. Courthouse 401 Courthouse Square Alexandria, VA 22314, the Honorable Liam O'Grady held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award for the Class Representative; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Agreement, and all capitalized terms used in this Order have the same meanings as those set forth in the Agreement.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4. The Court finds Navy Federal has complied with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Settlement Administrator properly

and timely notified the appropriate government officials of the Settlement, pursuant to CAFA. The Court has reviewed the substance of the notice and finds that it complied with all applicable requirements of CAFA. Further, more than 90 days have elapsed since the notice was provided.

5. The Settlement includes, as set forth in greater detail in the Settlement Agreement, a $16,000,000 common fund to cover Settlement Class Member Payments, attorneys' fees and costs, and a Service Award for the named Plaintiff; the costs of notice and administration to be paid separately by Navy Federal; and injunctive relief. Navy Federal shall adopt the following, or substantially similar language in its Account Agreement and related documents:

> Navy Federal may return debits (e.g., ACH payments) submitted for payment against the checking account if the amount of the debit exceeds the funds available in the checking account. Each time we return a debit for insufficient funds, we will assess an NSF fee in the amount shown on Navy Federal's current Schedule of Fees and Charges for each returned debit item. The entity that submitted the debit may submit another debit to Navy Federal even if we have already returned the prior debit for insufficient funds in the checking account. If the resubmitted debit again exceeds the funds available in the checking account, Navy Federal again will return the debit, resulting in an additional NSF fee. Thus, you may be charged multiple NSF fees in connection with a single debit that has been returned for insufficient funds multiple times.

6. The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Class Representative and Navy Federal to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the small number of optouts from the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters. The Court has considered the one filed objection and for the reasons set forth in Plaintiff's response to the objection (DE #55), the objection is overruled and denied in all respects on its merits.

7. The distribution plan proposed by the Parties is fair, reasonable, and adequate.

8. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. A total of 17 Settlement Class members have opted-out of the Settlement. A list of those individuals is attached hereto as *Exhibit A*. Those individuals will not be bound by the Settlement or the Releases contained therein.

10. Because the Court approves the Settlement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

11. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

12. The appointment of Ruby Lambert as Class Representative is affirmed.

13. The appointment as Class Counsel of Jeff Ostrow and Jonathan Streisfeld of the Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Jeffrey Kaliel and Sophia Gold of Kaliel PLLC, and Hassan Zavareei and Andrea Gold of Tycko & Zavareei LLP is affirmed.

14. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class members; (4) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent her and the Settlement Class; (5) the questions of law and fact common to the

Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Agreement. Navy Federal is ordered to pay the Settlement Fund and Settlement Administration Costs consistent with the terms of the Agreement. Provided it is economically feasible, should any funds remain after the initial distribution, the Parties shall do a second distribution *pro rata* to those who received Settlement Class Member Payments. If residual funds remain following a second distribution, or in the event a second distribution is not economically feasible, the Parties, subject to the Court's approval, shall distribute the remaining funds, if any, to a *cy pres* recipient that works to promote financial literacy, including for military members or veterans.

16. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

17. The Releasing Parties hereby fully and irrevocably release and forever discharge Navy Federal and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are

based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action, relating to relating to the assessment of Representment NSF Fees.

18. The Court hereby decrees that neither the Settlement, nor this Order, nor the fact of the Settlement, is an admission or concession by Navy Federal or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Navy Federal or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

19. Class Counsel is awarded attorneys' fees in the amount of $5,332,800.00, which is 33.33% of the Settlement Fund, and costs in the amount of $26,571.82, such amounts to be paid from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel's expertise, perseverance, and skill allowed them to obtain an excellent result for the Settlement Class. Class Counsel's extensive experience litigating complex class actions, and their tenacity in the face of significant risk and complexity, allowed them to achieve an outstanding recovery that provides substantial benefits to Settlement Class Members. The Court concludes that the factors provided in *Fangman v. Genuine Title, LLC*, No. CV RDB-14-0081, 2017 WL 86010, at *3-4 (D. Md. Jan. 10, 2017), weigh in favor of the attorneys' fees awarded to Class Counsel.

20. The Class Representative is awarded a Service Award of $5,000.00, such amount to be paid from the Settlement Fund in accordance with the terms of the Agreement.

21. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

22. In the event that the Effective Date of the Agreement, does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated. In such event, all orders entered, and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Agreement.

23. With the exception of those listed on Exhibit A, the Court adjudges that the Class Representative and all Settlement Class Members shall be bound by this Final Approval Order.

24. Upon the entry of this Order, the Class Representative and all Settlement Class Members shall be enjoined and barred from asserting any claims against Navy Federal and the Released Parties arising out of, relating to, or in connection with the Released Claims.

25. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 1st day of April, 2021.

The Honorable Liam O'Grady
United States District Judge